UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDMINSTER, HINSHAW, RUSS, & ASSOCIATES, INC. D/B/A EHRA ENGINEERING,<br>    *Plaintiff,*<br><br>vs.<br><br>TOWNSHIP OF DOWNE,<br>    *Defendant.* | Civil Action No. 4:17-cv-2838<br><br><br>Jury Trial Demanded |

# TRIAL BRIEF ON THE NEED TO RESOLVE DOWNE'S BREACH OF CONTRACT COUNTERCLAIM BASED ON EHRA'S DAY-TO-DAY CONDUCT AT THE UPCOMING BENCH TRIAL

# TABLE OF CONTENTS

I.      INTRODUCTION...................................................1

II.     BACKGROUND FACTS.......................................2

III.    DOWNE'S COUNTERCLAIM MUST BE DECIDED AS PART OF
        THE UPCOMING BENCH TRIAL........................................5

        A.    No one has ever moved to dismiss or otherwise dispose of
              Downe's Breach of Contract Counterclaim ......................5

        B.    This Court's January 3, 2019 Order <u>Could Not</u> Dispose of
              Downe's Counterclaim as a Concrete Matter of Fifth Circuit
              Law.............................................................6

        C.    This Court's January 3, 2019 Order <u>Did Not</u> Dispose of
              Downe's Counterclaim................................................8

        D.    Downe's Counterclaim Relates Directly to the Reasonableness
              of EHRA's Invoices................................................9

        E.    At a Minimum, this Court Should Carry any Ruling Relating
              to Downe's Counterclaim Until After the <u>Bench</u> Trial..........9

Defendant Township of Downe ("Downe") respectfully files this Trial Brief on the need to resolve its Breach of Contract Counterclaim based on Plaintiff EHRA's day-to-day conduct. In support, Downe respectfully shows as follows:

## I.   INTRODUCTION

Downe was grossly taken advantage of by EHRA's inability to complete its work as promised.   Downe filed a breach of contract counterclaim based on EHRA's day-to-day failures, including its failure to often show up for work, failure to follow FEMA/NJOEM guidelines, failure to satisfy FEMA/NJOEM, and failure to meet important deadlines.   Downe's counterclaim was not the subject of any summary judgment Motion filed in this case, was not (and could not have been) resolved in this Court's January 6, 2019 Memorandum and Order, and must be resolved at the upcoming bench trial.

EHRA hopes to shut the doors on Downe's counter-claim, even though this claim has never been before the Court.[1]   EHRA invites appellate error, because the Fifth Circuit does not allow the disposal of a

---

[1] *See* Doc. 76 (Pre-Trial Order) at 3 and 4, where EHRA objects to the presentation of Downe's counterclaim at the upcoming bench trial.

claim without notice to a party and a chance for that party to present all of its evidence.  Downe has received neither notice of a potential dismissal of its counterclaim based on EHRA's day-to-day conduct, nor a chance to present its witnesses on this counterclaim.  Downe should be allowed to receive its day in Court on this issue at the upcoming bench trial.

## II.   BACKGROUND FACTS

On May 21, 2018, Downe moved for leave to add its breach of contract counterclaim and attached a copy of the proposed amended complaint to its Motion.[2]  Downe's breach of contract is based on two separate grounds:

> Ground 1:  "EHRA failed to perform its duties under the PSA, because it failed to adequately follow FEMA policies, procedures, and regulations and failed to do its job. Some examples of EHRA's failures include: (1) its failure to show up for work, (2) its failure to fill out (or properly fill out) the necessary paperwork in a timely manner, and (3) its failure to make sure FEMA and/or the NJOEM (which worked together) were satisfied.[3]

> Ground 2: "[O]n September 21, 2017, EHRA filed this lawsuit against Downe in express violation of § 5.5 of the PSA."

---

[2] Doc. 23 (Motion for Leave) and Doc. 23-1 (Exhibit A- Draft Complaint with Counterclaim).
[3] Doc. 23-1 at ¶ 2 on page 7.

On October 25, 2018, Honorable Judge David Hittner (previously presiding over this case) granted Downe's Motion for Leave and Ordered Downe's counterclaim was now part of the case.[4]

On November 11, 2018, EHRA moved for summary judgment on ***EHRA's claim*** of breach of contract by Downe.[5]   EHRA's Motion does <u>not</u> move for summary judgment on Downe's counterclaim of breach of contract by EHRA's day-to-day conduct.[6]  The only reference to Downe's counterclaim in the entire Motion is in one sentence of the "Statement of Facts," which only references the fact the counterclaim exists.[7]   No arguments were made about the merits of Downe's counterclaim, such as arguments about EHRA following FEMA/NJOEM guidelines or meeting required deadlines.

On November 12, 2018, Downe filed its counterclaim into the record as its own document so it would not just be in the record as an attachment to Downe's prior to Motion for Leave.[8]  That same day, Downe also moved

---

[4] Doc. 44 at 5 − 9.

[5] Doc. 43.

[6] *Id.*

[7] Doc. 43 at ¶ 32 on pages 11 − 12.

[8] *Id.*

for summary judgment.[9]   Downe's Motion only asked for summary judgment on the portion of its counterclaim relating to Section 5.5(a).[10] Downe's summary judgment <u>never</u> raised the issue of EHRA breaching the PSA through its day-to-day conduct.[11]

On January 3, 2019, this Court entered a Memorandum and Order granting part of EHRA's Summary Judgment Motion and denying Downe's Summary Judgment Motion.[12]   Because Downe's counterclaim based on EHRA's day-to-day failures was never before the Court, this Order does not address this claim.

---

[9] Doc. 44.
[10] Doc. 44 at 17.
[11] *Id.*
[12] Doc. 65.

## III.   DOWNE'S COUNTERCLAIM MUST BE DECIDED AS PART OF THE UPCOMING BENCH TRIAL

### A.   No one has ever moved to dismiss or otherwise dispose of Downe's Breach of Contract Counterclaim

EHRA's Motion for Summary Judgment utterly failed to move to dismiss or otherwise dispose of Downe's breach of contract counterclaim based on EHRA's day-to-day conduct.[13]  The only mention of Downe's counterclaim in the entire motion was in one sentence in the "Background Facts" section of the Motion, where EHRA simply acknowledged the existence of Downe's counterclaim. The merits of Downe's counterclaim were never discussed.  For example, EHRA's Motion never mentions EHRA following mandated FEMA/NJOEM guidelines, never mentions completing the specific projects it was contracted to complete, and never mentions any of the many deadlines missed by EHRA – all of which are the heart of Downe's breach of contract counterclaim.[14]

Moreover, Downe's summary judgment only addressed the portion of its counterclaim relating to the meaning of Section 5.5(a) of the Parties'

---

[13] *See* Doc. 42 at *passim*.
[14] *Id.*

- 5 -

PSA. Downe's summary judgment never went through the many breaches of contract by EHRA, such as its failure to follow FEMA/NJOEM guidelines, failure to complete its projects, and its many missed deadlines – again, all of which are the heart of Downe's counterclaim.[15]

Since Downe's counterclaim for breach of contract based on EHRA's day-to-day conduct has never been before the Court, it was impossible for the Court to make any sort of ruling on this claim. The dispositive motion deadline has long passed so this claim must be resolved at the upcoming bench trial. Downe is entitled to its day in Court on this issue.

**B.    This Court's January 3, 2019 Order <u>Could Not</u> Dispose of Downe's Counterclaim as a Concrete Matter of Fifth Circuit Law**

As explained in Section A above, EHRA's Motion for Summary Judgment did not move for any sort of relief on Downe's breach of contract counterclaim. This destroys EHRA's argument that this Court's January 3, 2019 Order could have somehow resolved this un-briefed claim. If EHRA's argument were true, this Court would have improperly granted summary judgment *sua sponte* on Downe's claim without any

---

[15] *See* Doc. 44 at *passim*.

notice whatsoever to Downe.  The Fifth Circuit does not allow such an outcome:

> Of course, the power to enter summary judgment *sua sponte* is tempered by the requirement to provide prior notice. *See Celotex,* 477 U.S. at 326, 106 S.Ct. at 2554 (noting power of district court to enter summary judgment *sua sponte,* "so long as the losing party was on notice that she had to come forward with all of her evidence"); *Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 436–37 (5th Cir.1992) ("A district court may grant a motion for summary judgment *sua sponte,* provided that it gives proper notice to the adverse party. Judwin was entitled to receive 10 days notice before the district court granted summary judgment.") (citations omitted); *NL Indus.,* 940 F.2d at 965 ("the district court in this case could not grant summary judgment against NL without notifying NL at least ten days in advance that it intended to do so"); *see also* Fed.R.Civ.P. 56(c) (requiring that summary judgment motion be served "at least 10 days before the time fixed for the hearing") … "This court has strictly enforced the ten day notice requirement of Rule 56(c)." *Powell v. United States,* 849 F.2d 1576, 1579 (5th Cir.1988) (footnote omitted).

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).  Downe was given no notice that its counter-claim was on the chopping block, much less ten days of notice so it could get all of its overwhelming evidence on this issue before the Court.

## C.   This Court's January 3, 2019 Order <u>Did Not</u> Dispose of Downe's Counterclaim

This Court's January 3, 2019 Memorandum and Order makes no mention whatsoever of the facts pled as part of Downe's counterclaim, including: (1) the fact ERHA failed to follow FEMA policies, procedures, and regulations when it showed up for work, (2) the fact EHRA often failed to show up for work, (3) the fact EHRA failed to fill out the required paperwork in a timely manner, and (4) the fact that EHRA failed to satisfy FEMA/NJOEM's requirements for reimbursable work.[16]   The reason for this is simple: these facts supporting Downe's counterclaim have never been before the Court or briefed to the Court in any fashion.[17] This Court's Order cannot be said to have resolved facts or claims, which were never part of the motions it was considering.

---

[16] Doc. 43 at pages 6 – 8.

[17] The Court's Order incorrectly noted that Downe's summary judgment motion was based on EHRA failing to perform under the PSA.  Doc. 65 at 4.  Downe's summary judgment was based on Downe's Purchasing Ordinance, Section 5.5(a) of the PSA, and various laws relating to unjust enrichment (e.g. statute of limitations).  Downe did not address its counterclaim based on EHRA's day-to-day conduct in its Motion.

**D.**   **Downe's   Counterclaim   Relates   Directly   to   the Reasonableness of EHRA's Invoices**

EHRA incorrectly asserts the only issue remaining is the reasonableness of its invoices.  For the reasons briefed above, EHRA's argument on this point is incorrect.  But, even if EHRA was right, Downe's counterclaim is directly related to the issue of whether EHRA's invoices are reasonable.  Downe will present evidence at the upcoming bench trial that EHRA's invoices are unreasonable because EHRA failed many of its day-to-day duties, including failing to follow FEMA/NJOEM requirements.  The same facts that make EHRA's invoices *per se* unreasonable are the facts that prove Downe's counterclaim.

**E.**   **At a Minimum, this Court Should Carry its Ruling on Downe's Counterclaim Until After the <u>Bench</u> Trial**

Finally, it is important to note that this upcoming trial is a bench trial, not a jury trial.  Downe is going through great expense to bring its witnesses from New Jersey and its expert from Louisiana.  At a minimum, this Court should hear what these witnesses have to say and can reserve its ruling on the merits of Downe's counterclaim until after the bench trial.  Shutting out Downe's counterclaim now only invites appellate error–something even EHRA should want to avoid.

Date:  February 14, 2018          Respectfully submitted,


                                  */s/ Bradford T. Laney*
                                  Bradford T. Laney
                                  1800 Augusta Drive, Suite 300
                                  Houston, TX 77057
                                  713-429-8050 (telephone)
                                  713-429-8045 (facsimile)
                                  Email: blaney@raleybowick.com

                                  **ATTORNEY FOR TOWNSHIP
                                  OF DOWNE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on February 14, 2019.

*/s/ Bradford T. Laney*
**Bradford T. Laney**